**JIN LIN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 07–0982–ag.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

A. Don Forester, Houston, TX, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, Lindsay B. Glauner, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Lin, a native and citizen of the People's Republic of China, seeks review of a February 16, 2007 order of the BIA affirming the June 30, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Jin,* No. A98 350 419 (B.I.A. Feb. 16, 2007), *aff'g* No. A98 350 419 (Immig. Ct. N.Y. City June 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

 When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA did not explicitly reject the IJ's adverse credibility determination. However, the BIA did not find it "neces-

sary or appropriate" to address Lin's arguments concerning the IJ's adverse credibility determination because it had already determined that Lin was not eligible for relief even if he was credible. Thus, we confine our review to that portion of the IJ's decision explicitly adopted and affirmed by the BIA, i.e., the IJ's finding that Lin was ineligible for relief because he had successfully relocated within China.

■ With respect to the IJ's denial of his applications for asylum and withholding of removal, Lin challenges only the IJ's adverse credibility determination. Because he failed to raise the issues in his brief, Lin has waived any challenge to the IJ's finding that he was not eligible for relief because he had successfully relocated within China. See *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). This finding constituted an independent basis for the denial of Lin's applications for asylum and withholding of removal, see 8 C.F.R. § 1208.13(b)(1)(i)(B), and his failure to address it before either this Court or the BIA is fatal to his claims, see *Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir.2007); *Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir.2006). Lin's petition must therefore be denied with respect to his asylum and withholding claims.

Lin has also failed to raise in his brief any meaningful argument regarding the agency's denial of CAT relief. Thus, Lin's petition must also be denied with respect to his CAT claim. See *Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. The government's motion for summary disposition is DISMISSED as moot. The pending motion for a stay of removal in this petition is DISMISSED as moot.